UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14035-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VINCENT B. SNYDER,

    Defendant.
_____/

FILED by ___ D.C.

MAR 27 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 07-1409]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher and this Court having reviewed the voucher, the submissions in support filed by Randee Golder as attorney for the Defendant Snyder, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1. The maximum amount permissible under the statute, 18 USC §3006A, is $7,000.00 in attorney's fees. Counsel for the Defendant seeks reimbursement of $9,612.20 as reasonable attorney's fees at the hourly rates provided for based upon the Judiciary Appropriations Acts of 2006 and 2007. The increase in hourly rate for CJA attorneys occurred the pendency of this action. Therefore, some of the time claimed by Ms. Golder is at $92.00 an hour and some of the time is claimed at $94.00 an hour.

2. This Court has reviewed the voucher as well as all of the attachments provided by Ms. Golder in support of her application. This Court has also considered Ms. Golder's letter dated February 25, 2008 directed to the Clerk of this Court.

3. Ms. Golder's letter is attempting to explain the "complexity and extended nature of the case." Ms. Golder's letter asserts that this was a "large wiretap case." She alleges that her client, the Defendant Snyder, was the primary focus of the wiretap and that

she had to review consolidated wiretap records and calls which were several inches thick. Further, Ms. Golder claims that the Defendant's criminal history subjected him to enhanced penalties and unusually difficult plea negotiations and litigation of "complex issues at sentencing."

4. It is not necessary to hold a hearing in cases of this type under the CJA. These are more administrative decisions as opposed to an adversarial proceeding. See United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Ms. Golder's letter adequately explains her position and this Court does not believe that it could glean anything additional from an evidentiary hearing.

5. Pursuant to 18 USC §3006A(d)(3), the maximum amounts may be waived if the Court makes a specific finding and certifies that the case was "extended" or "complex". Extended is defined as a case requiring more time than the normal case. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

6. As stated previously herein, Ms. Golder's letter alleges that the case was complex and extended due to the fact that the Defendant Snyder was a purported target of a wiretap and his criminal history made the final resolution of the case more difficult.

7. This Court has reviewed the docket entries for everything that has taken place in this case. The case began with an Indictment on May 4, 2007. The Defendant appeared before this Court for his initial appearance on May 8, 2007. Thereafter, there was an arraignment and four discovery responses from the government between May 17, 2007 and June 14, 2007. There were no evidentiary hearings aside from the Defendant's detention

hearing which took place on May 9, 2007. In fact, the Defendant filed a Motion To Cancel Status Conference on June 5, 2007, which this Court granted.

8.      The case resulted in a guilty plea by the Defendant before the undersigned United States Magistrate Judge on July 18, 2007, or a little over two and one-half months after the case began. The Defendant pled guilty to three counts, those being conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, possession with intent to distribute fifty grams or more of crack cocaine, and possession with intent to distribute fifty grams or more of crack cocaine.

9.      Ms. Golder filed objections to the Pre-Sentence Investigation on or about September 2, 2007. Ms. Golder also filed a sentencing memo for the Court on October 9, 2007. The District Court held a sentencing hearing on November 19, 2007, and sentenced the Defendant Snyder to 262 months concurrent on each count to be followed by supervised release. Therefore, from beginning to conclusion, this case took just a little over six months and was resolved without the necessity of a trial.

10.     This Court does not doubt Ms. Golder's expertise in representing defendants in federal court in cases of this type. She regularly does so both as court appointed counsel and as privately retained counsel. Further, this Court does not doubt that there was voluminous discovery which Ms. Golder had to review in this case and that her client's criminal history may have made plea negotiations difficult. However, the fact remains that this case was resolved by entry of a plea and from beginning to end the case took just a little over six months for final disposition from the time of the initial return of the Indictment against the Defendant.

11.     One of the most helpful decisions in this regard has been cited by this Court many times in the past and that is Judge Martinez' decision in <u>United States v. Bridges</u>, 2007 WL 988866 (S.D. Fla. 2007).  In <u>Bridges</u>, Judge Martinez accurately sets forth the standard that this Court must adhere to in determining whether a case was extended and/or complex.  A case is considered to be "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings.  If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex."

12.     In <u>Bridges</u>, that case involved a twenty-seven count indictment against nine individuals involving a complex fraud arising from months of investigation by the government.  There were seventeen multi-hour compact discs containing the discovery in the case and the matter proceeded to trial.  It was only later during the trial that the defendant decided to change his mind and pled guilty without any plea agreement.

13.     In this Court's view, the <u>Bridges</u> decision is a classic case of being "extended" and/or "complex."

14.     This Court cannot consider the case before it on this motion to be either extended nor complex.  Those definitions as set forth in Judge Martinez' decision in <u>Bridges</u>, clearly show that this case does not fall within those definitions.  The case was not extended by any means.  The mere fact that there was a wiretap involved and that the Defendant may have had a criminal history which made the plea negotiations more difficult does not in and of itself cause the case to be complex.

15.   The CJA Voucher Administrator for this Court has meticulously reviewed all of the documentation set forth in Ms. Golder's voucher and has made certain notations thereon. This Court has reviewed those and agrees with the notations made. Further, Ms. Golder's voucher claims certain expenses and costs for reimbursement over and above the statutory attorney's fees. This Court has reviewed those expenses in the total amount of $1,021.95 and find them to be reasonable and necessary in representing the Defendant in this case. Those expenses include legal research expenses, telephone calls, copies, mileage to and from the Fort Pierce Division where the case was pending, and a minimal amount for postage. Those amounts should be reimbursed in addition to the statutory attorney's fees.

16.   This Court cannot in good faith award Ms. Golder more than the statute permits since this case was neither "extended" nor "complex." Therefore, this Court will recommend to the District Court that the statutory limit of $7,000.00 be awarded in attorney's fees together with expenses in the amount of $1,021.95, for a total award of $8,021.95.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 07-1409 be **GRANTED** only insofar as Ms. Golder shall be awarded the sum of $7,000.00 as attorney's fees and the sum of $1,021.95 as expenses, for a total sum of $8,021.95.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 27th day of March, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
Randee J. Golder, Esq.
Lucy Lara, CJA/Case Administrator

6